UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, | ) C/A No. 2:15-1074-PMD-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Michael Johnson, *Sheriff*; Brenda Lambert, *Detective*; Justin Whack, *Detective*; Berkeley County Sheriff's Office; Wayne DeWitt, *Sheriff*; Lonnie Allen Mizzelle, *Detective*; Danny Mizzelle, *Detective*; John Doe, *Officer*; Kimberly Barr, *Solicitor*; Sharon W. Staggers, *Clerk*; M. Morris, *Clerk*; *sued in their individual and official capacities*, | ) |
| Defendants. | ) |

The Plaintiff, Altony Brooks, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Perry Correctional Institution, part of the South Carolina Department of Corrections (SCDC). Plaintiff alleges that the Defendants[1] have

---

[1]Plaintiff named the Williamsburg County Sheriff's Office, Berkeley County Sheriff's Office, and Williamsburg Solicitor's Office as party Defendants in the caption of his Complaint. ECF No. 1 at 1. However, these references appear to be merely descriptive of places corresponding with where certain individual Defendants work. Plaintiff did not submit separate service documents (summonses and Forms USM-285) for these entities. Additionally, as these entities are either buildings or facilities, they are not amenable to suit pursuant to § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983]; Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]; see also Cave v. Morgan, Civ. A. No. 0:09–56–HFF–PJG, 2009 WL 982196, at *3 (D.S.C. Apr. 9, 2009)["The 'Aiken County Second Circuit Solicitor's Office' is not a 'person' within the meaning of § 1983."]. Plaintiff also listed the Williamsburg County Clerk of Court in the caption of his Complaint, but this also is a descriptive term, as Plaintiff separately named Sharon W. Staggers, who is the Williamsburg County Clerk of Court, as a party Defendant. (See Complaint, ECF No. 1 at 17, see also South Carolina Judicial Department website,
(continued...)



violated his constitutional rights, and also alleges claims under South Carolina law. On May 6, 2015, Plaintiff filed an amendment to his Complaint, and thereafter filed a supplement to his amended complaint on May 19, 2015.[2] ECF Nos. 10, 13.

Plaintiff alleges claims concerning his arrests in September of 2008. Records from Williamsburg County, South Carolina indicate that Plaintiff was arrested on one count (J991210) of assault and battery with intent to kill (ABWIK) on September 3, 2008,[3] and on two counts of ABWIK (J991200, J991216), three counts of possession of a weapon during a violent crime (J991209, J991218, J991210[4]), and one count of grand larceny of five thousand dollars or more on September 4, 2008. See Williamsburg County Third Judicial Circuit Public Index, http://publicin dex.sccourts.org/Williamsburg/PublicIndex/CaseDetails.aspx?County=45&CourtAgency=45001 &Casenum=J991198&CaseType=C(ABWIK); http://publicindex.sccourts.org/Williamsburg/Public

---

[1](...continued)
http://www.judicial.state.sc.us/clerkscourt/clerk.cfm?countyno=45). Therefore, none of these entities has been treated or addressed as named Defendants in this action for purposes of the issuance of this Report and Recommendation.

[2]As a general rule, once a plaintiff amends his complaint, the original complaint is superceded. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). However, Plaintiff improperly amended his complaint by adding additional claims and failing to provide a complete amended complaint. Nevertheless, the undersigned has considered the original complaint, the first amendment to the complaint (ECF No. 10), and the supplement to the amendment to the complaint (ECF No. 13) in preparing this Report and Recommendation.

[3]Although this record indicates an arrest date of September 3, 2008, this may be an error. Plaintiff alleges that he was arrested on September 4, 2008 on all of these charges.

[4]Case Number J991210 does not appear in the Williamsburg County Public Index, but Plaintiff has provided a copy of the arrest warrant and general sessions docket sheet as to this charge. ECF No. 13-1, at 2-3.



2

Index/CaseDetails.aspx?County=45&CourtAgency=45001&Casenum=J991200&CaseType=C(ABWIK);http://publicindex.sccourts.org/Williamsburg/PublicIndex/CaseDetails.aspx?County=45&CourtAgency=45001&Casenum=J991206&CaseType=C(Larceny); http://publicindex.sccourts.org/Williamsburg/PublicIndex/CaseDetails.aspx?County=45&CourtAgency=45001&Casenum=J991209&CaseType=C(Weapons); http://publicindex.sccourts.org/Williamsburg/PublicIndex/CaseDetails.aspx?County=45&CourtAgency=45001&Casenum=J991216&CaseType=C (ABWIK); http://publicindex.sccourts.org/Williamsburg/PublicIndex/CaseDetailsaspx?County=45&CourtAgency=45001&Casenum=J991218&CaseType=C (Weapons)(last visited Jan. 15, 2016).[5]

These records from Williamsburg County and the records submitted by Plaintiff indicate nolle prosequi dispositions as to all charges on December 8, 2010. See id.; see also ECF No. 13-1, at 3, 5, 7, 10, 12, 15, 17. Records from Berkeley County and the SCDC indicate that Plaintiff is currently serving a sentence of ten years for assault and battery of a high and aggravated nature (ABHAN) and two years for aiding escape for incidents which occurred on May 4, 2008.[6] See Berkeley County 9th Judicial Circuit PublicIndex, http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.

---

[5]This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

[6]Plaintiff asserts that, as the result of his arrest on the charges in September 2008, his bond was revoked as to the Berkeley County criminal charges (on which he was later convicted) and he was hindered in defending himself on these charges because he was detained prior to trial on those charges. To the extent that Plaintiff is attempting to recover for alleged constitutional violations and/or wrongdoing that led to his convictions, he cannot recover damages in a § 1983 civil rights action without first having his conviction reversed, expunged, or called into question by a writ of habeas corpus, see Heck v. Humphrey, 512 U.S. 477 (1994), which Plaintiff has not asserted.



3

aspx?County=08&CourtAgency=08001&Casenum=H924125&CaseType=C (ABHAN), http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08001&Casenum=H924132&CaseType=C (aiding escape); SCDC, Inmate Locator, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Anthony Brooks"[7]](last visited January 15, 2016).

Plaintiff, in his Complaint and amendment, appears to allege claims pursuant to § 1983 for false arrest, false imprisonment, malicious prosecution, and abuse of process. He also appears to allege numerous claims under South Carolina law, including claims for intentional infliction of emotional distress (outrage), gross negligence/failure to protect, failure to protect, libel and slander, defamation of character, conspiracy, illegal search and seizure, cruel and unusual punishment, deliberate indifference, arrest without probable cause, and fraud.

According to the Complaint, on September 3, 2008, Defendants Justin Whack and Brenda Lambert, detectives employed by the Williamsburg County Sheriff's Office, questioned Plaintiff (Plaintiff went to the police station for a hearing concerning an unrelated trespassing ticket) about an incident that had occurred in Williamsburg County. Plaintiff claimed he did not know anything about the incident. Complaint, ECF No. 1 at 2-4. Thereafter, on September 4, 2008, Defendants Lonnie and Danny Mizelle, detectives employed by the Berkeley County Sheriff's office, arrested Plaintiff on the Williamsburg County charges discussed above (three counts of ABWIK, three counts of possession of a weapon during a violent crime, and one count of grand larceny of five thousand dollars or more). Plaintiff claims that Lonnie Mizzelle and Danny Mizzelle subjected him to excessive force by slamming his head on a police vehicle repeatedly, spraying him with chemical

---

[7]The SCDC records spell Plaintiff's first name as "Anthony," not "Altony," but the identifying inmate number is the same on the SCDC records as that provided by Plaintiff.



4

munitions, and pushing and yanking him. Defendant Lambert allegedly told Plaintiff that she had warned Plaintiff that she would "get him," and Plaintiff refused to talk to Lambert. Plaintiff was taken to the Williamsburg County Detention Center, where he was allegedly served warrants as to the charges and was questioned by Defendant Michael Johnson (Sheriff of Williamsburg County). Id. at 4-8.

Plaintiff alleges that the next day he was taken before a Williamsburg County magistrate who allegedly denied him bond (since Plaintiff also states that he was unable to post the bond, it appears that bond was set as to these charges). ECF No. 1 at 9. On September 16, 2008, Plaintiff's bonds on his pending (unrelated) criminal charges in Berkeley County were revoked and Plaintiff's pretrial detention continued. Id. at 10. Plaintiff alleges that he was convicted on some of the Berkeley County charges and incarcerated in the SCDC in January 2009. Id. at 12.

In August 2009 and January 2010, Plaintiff was represented on the Williamsburg County charges by Public Defender Legrand Carroway. Plaintiff alleges that he rejected plea offers as to the charges, insisting that he was innocent, and was returned to SCDC custody. ECF No. 1 at 13-14. In September 2012, Plaintiff wrote to the Clerk of Court for Williamsburg County and requested a complete file of warrants and "any statements in their possession," but he received no responsive documents. Plaintiff alleges that on December 31, 2012, he requested a "complete case file" of cases J991206 and J991205, as well as warrants as to his ABWIK and weapon charges. He received a response "indicating J99-12061 J991205, etc indictment # 2009-GS-45-77," and appears to have been told that he needed to provide a self-addressed stamped envelope to receive the requested documents. Plaintiff alleges that on March 8, 2013, he received copies, which were stamped by Defendant Staggers as certified true copies, but which did not have a "clerk dated



5

stamped filed copy indicat[ing] when or if the clerk of court ever received a true copy." Plaintiff claims that docket sheets signed by Defendant Barr were missing certain disposition dates and he requested, on March 15, 2013, that Defendant Staggers send him all statements pertaining to all cases. In response, the Williamsburg County Clerk of Court directed Plaintiff to contact his attorney or the Sheriff's office where the alleged statements were made or the case investigated. Plaintiff appears to assert that the lack of certain dates on documents shows that Defendants Barr and Staggers conspired to falsify the documents to avoid a civil suit. ECF No. 1 at 15-18.

Plaintiff requests a declaration that his rights were violated under the United States Constitution and South Carolina law, and an unspecified amount of monetary damages. ECF No. 1 at 34.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).



However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Statute of Limitations

Initially, the undersigned is constrained to note that Plaintiff's § 1983 claims for false arrest, false imprisonment, excessive force, malicious prosecution, and abuse of process are barred by the applicable statutes of limitations.[8] State law concerning limitation of actions applies in claims brought under § 1983; see Wilson v. Garcia, 471 U.S. 261, 266 (1985), partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 377-380 (2004); and in South Carolina, the applicable statute of limitations is generally three years. See S.C. Code Ann. § 15-3-530. Therefore, Plaintiff must have filed suit on these claims within three (3) years of a cause of action having arisen. Federal law governs the question of when a cause of action accrues; see Wallace v. Kato, 549 U.S. 384, 387 (2007); and under federal law the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. Id.

In this case, Plaintiff's claims for false arrest, false imprisonment, excessive force, and abuse of process claims occurred either on the date of his arrest (September 4, 2008), or no later

---

[8]The Fourth Circuit has recognized that statutes of limitations may be addressed sua sponte when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corr., 64 F.3d at 953–54.



7

than September 5, 2008, when he states he was brought before the Williamsburg County magistrate. A Section 1983 claim for false arrest or false imprisonment accrues when the claimant is detained pursuant to legal process. Wallace v. Kato, 549 U.S. at 396 [holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."]. Similarly, an illegal search and seizure cause of action is analogous to a claim of false arrest and imprisonment, Barnhill v. Strong, No. JFM 07–1678, 2008 WL 544835 (D.Md. Feb. 25, 2008), and accrues at the time the defective process was initiated. See Wallace v. Kato, 549 U.S. at 390; Smith v. McCarthy, 349 F. App'x 851, 856–857 (4th Cir. 2009). "The running of the statute of limitations on false imprisonment is subject to a distinctive rule—dictated, perhaps by the reality that the victim may not be able to sue while he is still imprisoned: Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Wallace v. Kato, 549 U.S. at 389 (internal quotation marks omitted). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. (italics in original).

When abuse of process provides the most analogous cause of action for a § 1983 claim, the limitations period runs from the date the plaintiff was arrested and charges were brought against him. See, e.g., Aly v. City of Lake Jackson, 453 F. App'x 538, 540 (5th Cir. 2011) (per curiam); see also Rose v. Bartle, 871 F.2d 331, 351 (3d Cir.1989); Denmark v. Starcher, No. 1:14CV58, 2014 WL 7272789 (N.D.W.Va. Dec. 18, 2014). Here, Plaintiff concedes that he appeared before a judicial official in Williamsburg County on September 8, 2008. ECF No. 1 at 9.



8

Claims for excessive force also typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007)["A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest."]; Cabrera v. City of Huntington Park, 159 F.3d 374, 381 (9th Cir.1998) [holding that, as a general rule, an excessive force claim under § 1983 accrues on the date that the force occurs].

Plaintiff's three-year period to bring his false arrest/imprisonment, illegal search and seizure, excessive force, and abuse of process claims thus began to run no later than September 8, 2008, and expired on or before September 8, 2011, long before Plaintiff signed his Complaint on March 1, 2015.[9] Thus, these claims should be dismissed as untimely. Hunterson v. Disbabato, 244 F. App'x 455 (3d Cir. 2007) [a district court may sua sponte dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run]; Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002)[district court may sua sponte dismiss complaint as time-barred when the defect is obvious]; Alston v. Tennessee Dep't of Corrs., 28 F. App'x 475 (6th Cir. 2002)["Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate.].

With respect to Plaintiff's claim for malicious prosecution, this claim did not accrue until December 8, 2010, when the Williamsburg County charges were disposed of.[10] See Wallace

---

[9] See Houston v. Lack, 487 U.S. 266 (1988)[prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court].

[10] Although these charges were nol prossed, this Court and others have held that a simple, unexplained nolle prosequi or "dismissal" or "disposal" of pending state charges that results in the dismissal of the charges for reasons other than the criminal defendant's innocence does not satisfy
(continued...)



9

v. Kato, 549 U.S. at 392-393 [explaining that a malicious prosecution claim fails to accrue until the underlying conviction is invalidated]. Even so, as Plaintiff did not file this action until more than three years later, his malicious prosecution claim should also be dismissed, as it is similarly barred by the applicable statute of limitations.

Plaintiff appears to assert that the statute of limitations did not run until he received, pursuant to his request to the Clerk of Court for Williamsburg County, copies of the documents indicating the dispositions of the charges. Liberally construing his Complaint, he may be asserting that he was under a disability before that time because of his detention or due perhaps to his state of mind while in prison. However, while South Carolina law provides exceptions to the statute of limitations for minors and insane persons, Plaintiff has not alleged either that he was a minor or insane. Additionally, the applicable statute (assuming it even applied) only extends the filing period to "no longer than one year after the disability ceases." S.C. Code Ann. § 15-3-40. Here, Plaintiff did not file this action until more than a year after allegedly receiving paperwork indicating the disposition of his Williamsburg County criminal charges.

---

[10](...continued)
the Heck "favorable termination" requirement. See Wilkins v. DeReyes, 528 F.3d 790, 802-03 (10th Cir. 2008); Washington v. Summerville, 127 F.3d 552, 558-559 (7th Cir. 1997); Jackson v. Gable, C/A No. 0:05-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C May 25, 2006)["Even where criminal charges are nolle prossed, and therefore no conviction was obtained, Heck still bars a claim for damages unless the Plaintiff establishes that the nolle prosequi was entered for reasons consistent with his innocence."]; see also Nicholas v. Wal-Mart Stores, Inc., 33 F. App'x 61, 64-65 (D.S.C. 2002)[state-law-based malicious prosecution; favorable termination requirement]. Here, however, Plaintiff has submitted copies of General Sessions docket and tracking sheets with notations of "Nolle Prosequi based on insufficient evidence for conviction" (ECF No. 13-1 at 3, 5, 7, 10), "Nolle Prosequi - victim failure to prosecute; plea by co-defendant" (ECF No. 13-1 at 12), and "Nolle Prosequi insufficient for conviction" (ECF No. 13-1 at 15, 17). Therefore, for purposes of this Report and Recommendation, the undersigned has assumed that Plaintiff has obtained a favorable termination as to these charges. Alternatively, however, if Plaintiff has not received favorable terminations, his malicious prosecution claims should be dismissed based on Heck.



10

Therefore, these claims are all subject to dismissal due to Plaintiff's lawsuit being filed past the applicable statue of limitations for pursing these claims. Pino v. Ryan, 49 F.3d 51, 53–54 (2d Cir. 1995)[concluding that district court can raise statute of limitations defense sua sponte in evaluating complaint filed pursuant to § 1915]; cf. Fraley v. Ohio Gallia County, 1998 WL 789385 * 1 (6th Cir. Oct. 30, 1998)[affirming sua sponte dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired].

### False Arrest/False Imprisonment

In addition to being subject to dismissal for having been filed past the applicable statute of limitations, Plaintiff's claims for false arrest and false imprisonment are also subject to dismissal because he was arrested pursuant to facially valid warrants. "[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) (citing Brooks v. City of Winston–Salem, 85 F.3d 178, 181-182 (4th Cir.1996)). Similarly, "[c]laims of false imprisonment address detainment of an individual 'without legal process;' thus, when an arrest is made pursuant to an arrest warrant, there is no false imprisonment." Simmons v. Atkinson, No. 1:11CV110, 2013 WL 633587, at *3 (M.D.N.C. Feb.20, 2013) (unpublished); accord Magwood v. United States Dist. Ct., No. 2:13–307–DCN–BM, 2013 WL 869590, at *4 (D.S.C. Feb.25, 2013) (unpublished), recommendation adopted, 2013 WL 869579 (D.S.C. Mar.7, 2013) (unpublished), appeal dismissed, 544 F. App'x 199 (4th Cir.2013); Adams v. Parsons, No. 2:10–0423, 2011 WL 1464856, at *4 (S.D.W.Va. Apr.15, 2011) (unpublished); Bellamy v. Wells, 548 F.Supp.2d 234, 237 (W.D.Va. 2008); Peacock v. Mayor & City Council of Baltimore, 199 F.Supp.2d 306, 309 (D.Md. 2002).

11



### Negligence

To the extent that Plaintiff alleges that the Defendants' actions constituted negligence, such claims are not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986).

### Civil Conspiracy

Plaintiff also appears to allege that the Defendants Hinkle and Staggers conspired to not provide him with the correct information about his Williamsburg County criminal cases to prevent him from filing a lawsuit. He also appears to assert other general claims of conspiracy.

In addition to the statute of limitations problem already discussed with respect to his underlying claims, to establish a civil conspiracy under § 1983, Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. Glassman v. Arlington County, VA, 628 F.3d 140 (2010)(citing Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)). To do so, Plaintiff must have specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective; Hinkle, 81 F.3d at 421; and for his case to proceed, Plaintiff's factual allegations must reasonably lead to the inference that the Defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. As such, plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422.

Here, however, Plaintiff offers only conclusory allegations of an agreement or meeting of the minds by the Defendants (along with other persons not even named as defendants in this action) who he believes may have done something wrong. Such conclusory allegations are



12

insufficient to state a claim for civil conspiracy, and this claim is therefore subject to summary dismissal. See generally Ashcroft v. Iqbal, 556 at 677-679; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)[conclusory allegations of conspiracy between private attorney and state officer insufficient to support § 1983 claim].

### Prosecutorial Immunity (Defendant Barr)

Plaintiff alleges that Defendant Williamsburg County Solicitor Kimberly Barr maliciously prosecuted him. However, as Plaintiff's claims against Solicitor Barr involve the prosecution of his criminal cases, she is protected from Plaintiff's claims for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[(absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process].[11]

Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a

---

[11] Even if Plaintiff intended to name the Williamsburg County Solicitor's Office as a Defendant, it is entitled to summary dismissal because it not a state actor under § 1983 as discussed above. Further, because solicitors are entitled to immunity for activities in or connected with judicial proceedings, any claim against the Williamsburg County Solicitor's Office similarly fails. See, e.g., Rhodes v. Seventh Circuit Solicitors Office, Civ. A. No. 9:09–1863–JFA–BM, 2009 WL 2588487, at *3 (D.S.C. Aug.19, 2009)["Even if the ... Solicitor's Office could be construed as [a] 'person[ ]' under § 1983, ... the Seventh Circuit Solicitor's Office would be entitled to prosecutorial immunity, as would any individual Solicitor or Assistant Solicitor within that office."].



13

prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000). Such is the case here. Therefore, Plaintiff's claim against Barr is subject to dismissal.

### Quasi Judicial Immunity (Defendants Staggers and Morris)

Plaintiff appears to allege that Defendants Williamsburg County Clerks Staggers and Morris conspired to prevent him from bringing his lawsuit before the statute of limitations ran. Liberally construed, Plaintiff appears to assert that these individuals failed to timely and completely provide him with copies of court documents he requested in September and December 2012, and that the copies he received in March 2013 were not complete and were not in the (according to Plaintiff) proper form (he believes they should have been clocked, dated, and stamped copies). See ECF No. 1 at 14-17,

Clerks of court are generally entitled to quasi-judicial immunity. See Briscoe v. LaHue, 460 U.S. 325, 334–35 (1983)[noting that quasi-judicial immunity accorded to individuals who play integral part in judicial process]; Johnson v. Turner, 125 F.3d 324, 332 (6th Cir. 1997)[finding clerk's office employees, acting as a judge's designee, are entitled to quasi-judicial immunity]. This quasi-judicial immunity from suit extends to claims involving "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see also Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) [Court Clerk is generally entitled to quasi-judicial immunity]. Here, Plaintiff's allegations concern the providing or not providing of court documents, such that



14

these Defendants should be found entitled to quasi-judicial immunity in this case. See Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007) [Affirming District Court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents]; Martin v. Rush, No. 13–693, 2013 WL 2285948, at * 5 (D.S.C. 2013) [Applying quasi-judicial immunity Clerk who allegedly failed to provide him with a hearing transcript despite his request]; Robinson v. McBride, No. 13–352, 2013 WL 2099491, at * 4 (D.S.C. 2013) [Applying quasi-judicial immunity to Clerk who allegedly failed to properly process Plaintiff's notice of appeal], adopted by, 2013 WL 2099707 (D.S.C. May 14, 2013), aff'd, 540 F. App'x 212 (4th Cir. 2013); Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. 2012) [Quasi-judicial immunity applied to Clerk who allegedly failed to deliver judge's writ of habeas corpus to the appropriate parties].

Therefore, this claim (assuming it is one Plaintiff intended to assert) is subject to dismissal.

**Eleventh Amendment Immunity**

Additionally, Defendants Johnson, Lambert, Whack, DeWitt, Lonnie Mizzelle, Danny Mizzelle, and John Doe in their official capacities are entitled to Eleventh Amendment immunity from monetary damages as Sheriff's Departments in South Carolina are state agencies, not municipal departments, and Sheriffs and their deputies are state employees. See Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ["[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."]; Allen v. Fid. and Deposit Co., 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) [County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County], aff'd, 694 F.2d 716 (4th Cir. 1982)



15

[Table]; Comer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) [suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."].

The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945));[12] see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of

---

[12]A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).

16



Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978). All of the actions alleged to have been committed by these defendants are alleged to have been done during the course of the performance of their official duties.

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

## State Law Claims

Finally, Plaintiff also appears to assert claims under South Carolina law, including the South Carolina Tort Claims Act. However, if the above recommendations are adopted with respect to Plaintiff's federal claims, only Plaintiff's state law claims would survive, and federal Courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998).



Since, for the reasons already discussed, Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.[13] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, Plaintiff's state law claims should be dismissed without prejudice.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 20, 2016
Charleston, South Carolina

---

[13] While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, all parties to this action appear to be residents of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

18

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



19