# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Altony Brooks, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:15-cv-1074-PMD-BM |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Williamsburg County Sheriff's Office; ) | |
| Michael Johnson, Sheriff; Brenda Lambert, ) | |
| detective; Justin Whack, detective; ) | |
| Berkeley County Sheriff's Office; Wayne ) | |
| DeWitt, Sheriff; Lonnie Allen Mizzelle, ) | |
| detective; Danny Mizzelle, detective; ) | |
| John Doe, officer; Williamsburg Solicitor's ) | |
| Office; Kimberly Barr, Solicitor; ) | |
| Williamsburg County Clerk of Court; ) | |
| Sharon W. Staggers, Clerk; ) | |
| and M. Morris, Clerk, in their individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On February 11, 2016, this Court issued an Order that adopted Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") and dismissed Plaintiff's complaint without prejudice and without service of process. After the Court entered judgment, the Court received objections to the R & R from Plaintiff (ECF No. 35). Plaintiff also filed two motions to vacate the Court's February 11 order (ECF Nos. 36 & 37).[1]

Plaintiff's objections were due February 8. Because Plaintiff is incarcerated, the Court waited an additional three days to act on the R & R in order to allow any timely objections to make their way from the prison's mailroom to the Clerk's office. *See Houston v. Lack*, 487 U.S.

_____
1. Because Plaintiff asserts the same basic argument in each motion and seeks the same relief in each one, the Court treats them as a single motion.

266, 276 (1988). Seeing none by February 11, the Court reviewed the R & R, adopted it, and entered judgment that day.

Plaintiff's objections are dated February 4, but the Court did not receive them until February 29. In his motion to vacate, Plaintiff has provided documents from prison officials showing that he originally brought the objections to the prison's mailroom on February 4 and that they were mailed the following day. However, after the filing deadline passed, the objections were returned to Plaintiff for insufficient postage. The original postage form, completed on February 5, indicates that a prison employee may have miscalculated the amount of postage needed to mail the objections. Because it appears that the objections arrived late through no fault of Plaintiff, the Court finds they were timely filed on February 4. To properly consider those objections on their merits, the Court grants Plaintiff's consolidated motion to vacate and vacates its February 11 Order. *See Galbreath v. Cartledge*, No. 1:14-cv-110-RMG, 2015 WL 1143181, at *1 (D.S.C. Mar. 13, 2015) (withdrawing prior order which summarily adopted R & R, in order to review objections that were filed late due to insufficient postage).

## BACKGROUND

This case stems from Plaintiff's September 2008 arrest on seven criminal charges filed against him in Williamsburg County, South Carolina. Plaintiff alleges that Williamsburg County Sheriff's Office employees beat him and sprayed him with chemicals when they arrested him. At the time of Plaintiff's arrest, he was out on bond for unrelated charges that were pending in neighboring Berkeley County. As a result of his Williamsburg County arrest, his bond was revoked. In January 2009, Plaintiff was convicted of those unrelated Berkeley County charges. The state court sentenced him to prison, where he remains.

The Williamsburg County charges never went to trial. Prosecutor Kimberly Barr made Plaintiff two plea offers, but he refused them and maintained his innocence. After he rejected the second offer in January 2010, he heard nothing else about the charges. State-court records that Plaintiff has appended to his complaint as exhibits indicate that the State dismissed the charges because it had insufficient evidence to secure convictions and because the purported victims of some of the crimes were refusing to assist in the prosecution. Those exhibits show that five of the charges were dismissed on December 8, 2010. As for the other two charges, Plaintiff's exhibits are missing dismissal dates. However, the South Carolina Judicial Department's Web-based public index shows they, too, were dismissed that day.

Nearly two years later, in September 2012, Plaintiff sent the Williamsburg County Clerk of Court's office a written request for copies of records relating to his charges. Receiving no response, he sent another request in December 2012, this time threatening to accuse the office of fraud and conspiracy if it did not act promptly. On March 8, 2013, the Clerk's office sent him some of the above-mentioned records that indicate his charges had been dismissed in December 2010. He received more of those documents later that month. Plaintiff alleges that Barr conspired with Clerk of Court Sharon Staggers and with a Ms. Morris, one of Staggers' employees, to fabricate the dismissal records after he began requesting copies of documents.

## PROCEDURAL HISTORY

Plaintiff filed this action on March 1, 2015. In his complaint,[2] he makes a variety of claims against officials working in Berkeley and Williamsburg counties and against the offices for which they work. Plaintiff's claims all relate to his 2008 arrest and detention or to his ultimately abandoned prosecution. Plaintiff asserts causes of action such as false arrest, false

---
2.   Plaintiff later filed exhibits to the complaint and supplemental allegations. Like the Magistrate Judge, this Court considers the original complaint, the supplements, and the exhibits as a single pleading. In this Order, the Court generally refers to them collectively as the complaint.

3

imprisonment, abuse of process, malicious prosecution, negligence, defamation, civil conspiracy, and excessive force. He asserts those theories both as state-law claims and as federal claims under 42 U.S.C. §§ 1983 and 1985.

The Magistrate Judge reviewed Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915A and Local Civil Rule 73.02(B)(2) (D.S.C.). He then issued his R & R, in which he recommended that the Court dismiss all of Plaintiff's federal claims and decline to exercise supplemental jurisdiction over Plaintiff's state claims. As discussed above, Plaintiff has filed objections that this Court finds timely.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

4

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **ANALYSIS**

Before addressing Plaintiff's objections, the Court reviews the conclusions in the R & R to which Plaintiff has not objected. First, the Magistrate Judge found that Barr has prosecutorial immunity for all of Plaintiff's claims against her. Second, the Magistrate Judge found that the four institutional defendants are not proper defendants to Plaintiff's federal claims. Finally, the Magistrate Judge found that Defendants Johnson, Lambert, Whack, DeWitt, Lonnie Mizzelle, Danny Mizzelle, and Doe are immune from suit under the Eleventh Amendment. Upon review, the Court finds that the Magistrate Judge's findings and analysis on those issues are correct, and therefore it adopts those portions of the R & R.

In large part, Plaintiff's objections merely rehash his complaint's assertions or flatly disagree with the Magistrate Judge's conclusions. The Court declines to address those arguments, as they are not proper objections. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). The Court has, however, found several objections that warrant discussion. It addresses them *seriatim*.

A. **Judicial Notice**

Plaintiff first argues the Magistrate Judge improperly took judicial notice of records showing the disposition of the Williamsburg County charges. The Court finds no impropriety. The Magistrate Judge took notice of records that are publicly accessible through the South Carolina Judicial Department's Web site. *See* Fed. R. Evid. 201(b)(2) (stating courts may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). Moreover, many of the records that the Magistrate Judge reviewed were the arrest warrants, docket sheets, and case disposition forms that Plaintiff himself made exhibits to his complaint. The Magistrate Judge did not err by examining documents that Plaintiff asked the Court to consider, even if they are allegedly fabricated.

B. **The Statute of Limitations**

The Magistrate Judge concluded that all of Plaintiff's § 1983 claims based on malicious prosecution, false imprisonment, false arrest, or abuse of process are barred by a South Carolina three-year statute of limitations. Specifically, the Magistrate Judge found that the false arrest, false imprisonment, and abuse of process claims accrued in September 2008, when Plaintiff was arrested, charged, and detained. The Magistrate Judge found the malicious prosecution theory accrued in December 2010, when the State dismissed the charges. Because Plaintiff did not file suit until March 2015, far more than three years after any of those claims accrued, the Magistrate Judge recommended dismissing them as time-barred. Plaintiff makes several arguments in opposition to that recommendation.

1. **The Discovery Rule**

Plaintiff contends his claims all accrued on March 8, 2013, when he first received the documents showing that the State had dismissed his charges. His theory is that until he received

6

those documents, he could not reasonably have known of the dismissals because the court system failed to notify him that the charges had been dismissed.

As a threshold matter, the Court disagrees that the § 1983 claims based on false imprisonment, false arrest, or abuse of process could have accrued on March 8, 2013. Although termination of legal proceedings in the plaintiff's favor is an element of a malicious prosecution theory,[3] it plays no role in those other three theories. *See, e.g.*, *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (stating that favorable termination is an essential element of a § 1983 claim based on malicious prosecution); *McLendon v. Horry Cty. Police Dep't*, No. 4:13-cv-3403-BHH, 2016 WL 1168142, at *8 (D.S.C. Mar. 25, 2016) (discussing the two elements of abuse of process, neither of which is favorable termination); *Gray v. Maryland*, 228 F. Supp. 2d 628, 635–36 (D. Md. 2002) (rejecting plaintiff's argument that § 1983 claims based on false imprisonment and false arrest accrued when proceedings terminated in his favor, rather than on date of arrest). Thus, the Court rejects Plaintiff's assertion that those three claims accrued in March 2013.

As for the malicious prosecution theory, Plaintiff is in essence arguing he is entitled to discovery-based tolling of the limitations period. Federal courts are "obligated not only to apply the analogous state statute of limitations to . . . claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985) (citation omitted). In South Carolina, "[t]he 'discovery rule' . . . tolls the statute of limitations until a person knows or by the exercise of reasonable diligence should know that he has a cause of action." *Barr v. City of Rock Hill*, 500 S.E.2d 157, 160 (S.C. Ct. App. 1998)

---

3. The Court expresses no opinion on whether Plaintiff's malicious prosecution allegations, if true, would be actionable under § 1983. *See Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (explaining that although "there is no such thing as a '§ 1983 malicious prosecution' claim," § 1983 does include Fourth Amendment seizure claims that incorporate "elements of the analogous common law tort of malicious prosecution").

(citation and internal quotation marks omitted). The "exercise of reasonable diligence" means that "the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist." *Dean v. Ruscon Corp.*, 468 S.E.2d 645, 647 (S.C. 1996) (citation omitted).

> The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question. In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist.

*Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 740 (S.C. Ct. App. 2001) (internal citations omitted).

As mentioned above, public records—many of which Plaintiff attached to his complaint—show that the charges were dismissed on December 8, 2010.[4] Plaintiff, however, did not attempt to learn about the status of his charges until September 23, 2012—more than a year and nine months later. Plaintiff has not alleged that he made any attempts to check on his charges during that long interim. Waiting nearly two years to begin inquiring about criminal charges that, by September 2012, had been pending four years, cannot constitute reasonable diligence under South Carolina law. *Cf. Valentine v. Burgess*, No. 4:05-cv-1157-HMH-TER, 2005 WL 4629328, at *1 (D.S.C. Dec. 19, 2005), *aff'd*, 174 F. App'x 797 (4th Cir. 2006) (per curiam) (finding plaintiff did not act with reasonable diligence in taking several years to learn that criminal charges had been dismissed). Thus, because Plaintiff did not exercise reasonable diligence, the date when he actually learned about the dismissals is immaterial.

___

4. The Court recognizes that Plaintiff alleges those documents are fabricated. It addresses that accusation below, but for the purposes of the current argument, it assumes that Plaintiff's charges were in fact dismissed on that date.

Instead, the Court must consider when Plaintiff should have learned that his charges were dismissed. Plaintiff commenced this action on March 1, 2015. Under the three-year limitations period, the discovery rule would save Plaintiff's claim only if a person of common knowledge and experience could not, by exercising reasonable diligence, have learned before March 1, 2012—one year, two months, and twenty-one days after the fact—that the charges were dismissed. The Court finds that South Carolina law would not permit such a conclusion under these circumstances. Although reasonable diligence would likely allow some time to pass after the charges were dismissed, that concept cannot be stretched to cover the nearly fifteen months Plaintiff needs.

Plaintiff contends his inaction was reasonable because the state court was required to notify him immediately if his charges were dismissed; hearing nothing, he reasonably assumed nothing had happened. Plaintiff bases his argument on South Carolina Rule of Civil Procedure 77(d), which states that when a judgment or an order is entered, the clerk must immediately mail notice of the entry to all affected parties who are not in default. Plaintiff's reliance on Rule 77(d) is misplaced, as the rule applies to civil cases, not criminal matters. Moreover, Plaintiff alleges in his complaint that a public defender represented him for his Williamsburg County charges. Rule 77(d) states that when a party is represented by counsel, the clerk is to send notice only to the lawyer. Thus, even if Rule 77(d) applied, the clerk would not be at fault for not directly notifying Plaintiff of the dismissals.

To be sure, Plaintiff's complaint, construed liberally, suggests that the public defender never told Plaintiff that the State had dismissed the charges. The Court cannot condone that possible failure to inform, but at the same time, that failure cannot excuse Plaintiff's own failure to inquire about his case for nearly two years. Thus, the Court concludes that, as a matter of

9

South Carolina law, the discovery rule does not make Plaintiff's malicious prosecution-based § 1983 claim timely.

### 2. Equitable Tolling

Plaintiff argues he is entitled to equitable tolling of the limitations period. Equitable tolling "is a doctrine that should be used sparingly and only when the interests of justice compel its use." *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 687 S.E.2d 29, 33 (S.C. 2009). "It is generally applied only where the defendant's actions hinder the plaintiff's discovery of or ability to pursue the claim." *Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2014 WL 234216, at *4 (D.S.C. Jan. 22, 2014) (citing *Hooper*, 687 S.E.2d at 33–34).

As noted above, Plaintiff alleges that after he began requesting records in September 2012, Barr conspired with Staggers and Morris to fabricate case records to make it appear that the charges were dismissed in December 2010. According to Plaintiff, the object of their conspiracy was to manufacture a statute-of-limitations defense in case Plaintiff filed a lawsuit regarding the charges or his arrest.

Plaintiff's theory lacks merit. First, the Court reiterates that the date the charges were dismissed is relevant only to the malicious prosecution theory. Plaintiff has not explained how the alleged conspiracy in 2012 and 2013 prevented him from knowing that his 2008 arrest and detention were unlawful or how it prevented him from suing over those events before the limitations period expired. Second, and similarly, Plaintiff's allegations fail to explain how the conspiracy prevented him from timely filing suit over the alleged malicious prosecution. Plaintiff alleges that on or about March 8, 2013, he received the documents indicating that the charges had been dismissed on December 8, 2010. Even if that dismissal date was fabricated, it still left Plaintiff with nine months to file suit. Plaintiff, however, did not commence this action

for another two years.  Plaintiff's complaint does not account for that additional fifteen months of delay—let alone allege that a defendant caused it.  Thus, Plaintiff's complaint fails to allege a facially plausible set of facts that would make equitable tolling appropriate.

### 3.    Sua Sponte Consideration of the Statute

Finally, Plaintiff appears to argue that because the statute of limitations is an affirmative defense, it was improper for the Magistrate Judge to raise it himself.  However, as part of their duty to independently screen in forma pauperis pleadings, district courts may consider the statute of limitations when such a defense plainly appears on the face of the complaint.  *Erline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006).  As both the R & R and the above discussion of Plaintiff's objections demonstrate, Plaintiff's complaint plainly shows that many of the claims therein are untimely.  The Magistrate Judge rightly raised the issue sua sponte.

### 4.    Conclusion as to the Statute of Limitations

The Court overrules all of Plaintiff's objections relating to the statute of limitations.  It agrees with the Magistrate Judge that, insofar as any of Plaintiff's federal claims are based on theories of false arrest, false imprisonment, abuse of process, or malicious prosecution, they are time-barred.  Thus, it adopts the Magistrate Judge's analysis on those issues.

### C.    Quasi-Judicial Immunity

The Magistrate Judge concluded that because Plaintiff's claims and allegations against Staggers and Morris all relate to their actions on behalf of the Clerk's office, they have complete quasi-judicial immunity to Plaintiff's lawsuit.  Plaintiff argues that Staggers and Morris have no such immunity because he has alleged they used their positions to carry out a conspiracy against him.  This Court has held many times that quasi-judicial immunity applies to claims that court employees engaged in conspiracies through their jobs.  *See, e.g.*, *Daniels v. City of N.*

11

*Charleston*, No. 2:12-cv-0319-DCN-BM, 2012 WL 3877710, at *3 (D.S.C. Aug. 9, 2012), *report and recommendation adopted*, 2012 WL 3880078 (D.S.C. Sept. 6, 2012); *Lee v. Singleton*, No. 8:11-cv-2983-JMC-KFM, 2012 WL 1896062, at *6 (D.S.C. Jan. 9, 2012), *report and recommendation adopted*, 2012 WL 1895998 (D.S.C. May 24, 2012); *Patterson v. Stogner*, No. 0:10-2456-CMC-BM, 2010 WL 4822566, at *3 (D.S.C. Oct. 26, 2010), *report and recommendation adopted*, 2010 WL 4822830 (D.S.C. Nov. 22, 2010); *Holman v. Stefano*, No. 4:09-cv-1634-CWH-JRM, 2010 WL 3814589, at *7 (D.S.C. Mar. 1, 2010), *report and recommendation adopted sub nom. Holman v. Wooten*, 2010 WL 3895684 (D.S.C. Sept. 30, 2010); *see also Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (per curiam) ("Absolute immunity applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function." (citation and internal quotation marks omitted)); *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (finding court clerks who mailed transcripts to a prisoner or failed to provide requested transcripts were entitled to quasi-judicial immunity for those acts and omissions), *cited in Holman*, 2010 WL 3814589, at *7.  Seeing no basis for distinguishing those cases, the Court agrees with the Magistrate Judge that Staggers and Morris have absolute quasi-judicial immunity from all of Plaintiff's claims against them.  The Court overrules Plaintiff's objection and adopts the Magistrate Judge's analysis on this issue.

Anticipating this Court's conclusion, Plaintiff contends that, if Staggers and Morris are immune, this Court must nevertheless issue a declaratory judgment that clarifies the clerk's office's duties to notify criminal defendants when the State dismisses charges.  However, because Staggers and Morris are immune, and because their alleged conspiratorial misdeeds could not have prevented Plaintiff from timely filing any of his claims, the declaration he seeks would be advisory.  The Court cannot provide such relief.  *See Artful Color, Inc. v. Hale*, 928 F.

Supp. 2d 859, 861 (E.D.N.C. 2013) ("[T]he Declaratory Judgment Act may not be invoked to ask a district court to issue advisory opinions, and the dispute between the parties must be a case or controversy within the confines of Article III of the Constitution." (citing *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990))).

### D. Merits of Federal Claims Based on False Arrest, False Imprisonment, or Civil Conspiracy

In addition to finding that Plaintiff's false imprisonment and false arrest theories are time-barred and that the objects of Plaintiff's civil conspiracy allegations are immune from suit, the Magistrate Judge found that Plaintiff has not adequately pled any of those claims. Plaintiff objects. However, the Magistrate Judge's decisions on immunity and the statute of limitations, with which this Court agrees, are dispositive of those theories. Thus, the Court does not address the Magistrate's analysis of those claims' merits or Plaintiff's objections thereto. *Cf., e.g.*, *Kendley v. Univ. of S.C.*, No. 3:09-cv-786-CMC-PJG, 2009 WL 5194997, at *1 (D.S.C. Dec. 22, 2009) (adopting magistrate's report and recommendation without considering plaintiff's objections, which addressed merits of plaintiff's claims, as they were not relevant to magistrate's recommendation to dismiss for lack of jurisdiction).

### E. Merits of Federal Claims Based on Negligence

The Magistrate Judge found that, insofar as Plaintiff is asserting negligence as a theory of liability under § 1983, that theory fails as a matter of law because mere negligence cannot give rise to such liability. Plaintiff objects, but he acknowledges that his negligence theory "arise[s] from the same facts of [his] malicious prosecution claim . . . and other federal law claims as described in the complaint." (Objs., ECF No. 35, at 11.) Accordingly, the Court's above decisions on timeliness and immunity apply to Plaintiff's negligence claim. Because Plaintiff's

13

negligence theory fails on those bases, the Court does not reach the Magistrate Judge's merits-focused analysis or Plaintiff's objection thereto. *Cf. Kendley*, 2009 WL 5194997, at *1.

### F. Supplemental Jurisdiction over State-Law Claims

The foregoing analysis leads the Court to conclude that all of Plaintiff's federal claims are to be dismissed. Because Plaintiff and Defendants are all South Carolinians, this Court has no original jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1332(a). When a court dismisses all the claims over which it has original jurisdiction, leaving only state-law claims against non-diverse defendants, it may decline to exercise jurisdiction over those remaining claims. 28 U.S.C. § 1367(c)(3). The Magistrate Judge recommends that the Court dismiss the remaining claims under § 1367(c)(3). Plaintiff objects, but he argues only that his federal claims should not be dismissed and thus § 1367(c)(3) does not apply. As the Court has reached the opposite conclusion about Plaintiff's federal claims, it finds his argument without merit. The Court finds it appropriate to decline to exercise jurisdiction over the remaining claims.

### CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's motion to vacate is **GRANTED** and that this Court's February 11, 2016 Order is hereby **VACATED**. It is further **ORDERED** that Plaintiff's objections are **OVERRULED**, that the R & R is **ADOPTED** as described above, and that Plaintiff's complaint is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**April 11, 2016**
**Charleston, South Carolina**

14